IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD VIEUX,                          :
                                        :
            Plaintiff,                  :       CIVIL NO. 4:07-CV-299
                                        :
      v.                                :       (Judge Jones)
                                        :
JOSEPH SMITH, WARDEN, et al.,           :
                                        :
            Defendants.                 :

**FILED**
**WILLIAMSPORT**

JUN 0 5 2007

PER _____
                    DEPUTY CLERK

## MEMORANDUM

## June 5, 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before this Court is a Report (doc. 8) issued by Magistrate Judge
Thomas M. Blewitt ("the Magistrate Judge" or "Magistrate Judge Blewitt"), on
April 2, 2007, that recommends: 1) Plaintiff Richard Vieux's action be dismissed
for failure to state a claim; and 2) Plaintiff's Motion for Temporary/Permanent
Injunction ("the Motion") (doc. 2), filed on February 15, 2007, be dismissed as
moot. For the reasons that follow, we will adopt the learned Magistrate Judge's
Report in its entirety and dismiss Plaintiff's Motion as moot.

## PROCEDURAL HISTORY:

On or about February 15, 2007, Plaintiff Richard Vieux ("Plaintiff" or

1

"Vieux") filed this pro se Bivens action in the United States District Court for the Middle District of Pennsylvania.[1]  Plaintiff named as Defendants three (3) specific individuals employed by the Bureau of Prisons ("BOP") at the United States Penitentiary at Lewisburg ("USP-Lewisburg"),[2] as well as unknown John Doe Defendants.  (Rec. Doc. 1).  On February 15, 2007, Plaintiff filed the instant Motion.  (Rec. Doc. 2).

Pursuant to the screening procedure required by 28 U.S.C. § 1915A for Complaints filed by inmates such as Plaintiff, and after review of Plaintiff's Complaint, on April 2, 2007, Magistrate Judge Blewitt issued a Report recommending: 1) Plaintiff's claims be dismissed for failure to state a claim; and 2) Plaintiff's Motion (doc. 2) be dismissed as moot.  (Rec. Doc. 8).  On April 16, 2007, Plaintiff filed his Objections to Magistrate Judge Blewitt's Report, and his supporting brief.  (Rec. Docs. 9-10).  Thus, this matter is ripe for disposition.

---

1 To state a Bivens claim, a plaintiff must allege that a person deprived him of a federal right, and that person who caused the deprivation acted under color of federal law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Young v. Keohane, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).  Here, Plaintiff correctly indicates that this is a Bivens action, as he seeks monetary damages from federal officials for alleged violations of his Constitutional rights.  See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, (1971).  (Rec. Doc. 1 at 1 n.1).

2 Identified Defendants to this action are Joseph Smith, Former Warden at USP-Lewisburg ("Defendant Smith" or "the Warden"); Ray Hoekman, Special Investigator Administrator ("Defendant Hoekman"); and Matthew Eddenger, Special Investigation Supervisor ("Defendant Eddenger").

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a <u>de</u> <u>novo</u> determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667 (1980); <u>see</u> <u>also</u> 28 U.S.C. §636(b)(1); Local Rule 72.31. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. <u>See</u> <u>id.</u> Indeed, in providing for a <u>de</u> <u>novo</u> review determination rather than a <u>de novo</u> hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. <u>See</u> <u>id.</u>, <u>see</u> <u>also</u> <u>Mathews v. Weber</u>, 423 U.S. 261, 275 (1976); <u>Goney v. Clark</u>, 749 F.2d 5, 7 (3d Cir. 1984).

**FACTUAL BACKGROUND:**

In his Report and Recommendation ("Report"), Magistrate Judge Blewitt summarizes the relevant factual background of the instant action based on his reading of the parties' submissions. (Rec. Doc. 8). Although we agree with the Magistrate Judge's factual summary, taken in large part from Plaintiff's Complaint (doc. 1), we will review briefly the most pertinent portions thereof. [3]

_____

3 Unless otherwise noted, our factual summary is taken from Magistrate Judge's Report. (Rec. Doc. 8).

On December 7, 2003, an Incident Report was issued charging Plaintiff with attempting to bring contraband, namely unauthorized eyeglasses, into USP-Lewisburg's visiting room.   Plaintiff admitted the violation, and as a result, on December 14, 2003, an Administrative Detention Order issued detailing: 1) the Incident Report; 2) the decision to find Plaintiff guilty; and 3) the sanctions to be imposed upon Plaintiff.

In June 2004, Plaintiff's name was submitted by Defendant Hoekman for security clearance to become a photographer in USP-Lewisburg's visiting room. On July 8, 2004, a security clearance memorandum regarding Plaintiff's photographer work assignment was approved.  Thus, on July 14, 2004, Plaintiff began his work detail as a visiting room photographer.

In February 2005, after working as a visiting room photographer for eight (8) months, Defendant Eddenger advised Plaintiff that he was losing said work detail because of his 2003 Incident Report Conviction.  Plaintiff was also advised that the decision was made by Defendant Smith.

Plaintiff claims that he attempted to speak with his supervisor, Defendant Hoekman, and Defendant Smith regarding his removal from the visiting room photographer work detail in February 2005, but Defendant Hoekman was not available.  Subsequently, on March 5, 2005, Plaintiff discussed his 2003 Incident

4

Report Conviction with Defendants Hoekman and Smith.  Plaintiff was told by Defendant Smith that he would not get said work detail back due to the 2003 Incident Report Conviction.

Plaintiff further contends that he performed well his work detail during the approximately eight (8) months between his commencement thereof and Defendants' removal of him therefrom.  Plaintiff also claims that he had a legitimate expectation to be allowed to continue his work assignment, and that his arbitrary removal from such by the Warden violated his due process and equal protection rights.[4]

Thus, as alluded to above, in the instant action, Plaintiff asserts two (2) types of claims: Count I alleges Due Process claims, and Count II alleges Equal Protection claims.  (Rec. Doc. 1).  With respect to Count I, Plaintiff claims that Defendants arbitrarily removed him from his photographer work assignment despite him being approved for it, and given security clearance, while still under sanctions for the 2003 Incident Report Conviction.  Plaintiff further claims that he had a reasonable and legitimate expectation of continued participation in the photographer job in the visiting room, and that he was punished a second time by Defendants for the 2003 Incident Report Conviction when he was removed from

---

[4] Plaintiff claims that he has exhausted his administrative remedies regarding his present claim and indicates that he received a final denial from the BOP on August 31, 2005.  (Rec. Doc. 1).

5

his photographer job. With respect to Count II, Plaintiff claims that Defendants

violated his equal protection rights "when they arbitrarily and capriciously

removed Plaintiff from his legitimate entitlement of continual participation in the

visiting room work detail." (Rec. Doc. 1).

Accordingly, in his Complaint, Plaintiff seeks compensatory damages in the

amount of $800 against each Defendant with respect to Count I and $500 against

each Defendant with respect to Count II. (Rec. Doc. 1). Plaintiff also seeks

punitive damages in the amount of $8,500 against each Defendant.[5] (Rec. Doc. 1).

Simultaneous with his filing of the Complaint, Plaintiff also filed the instant

Motion (doc. 2) seeking an Order from this Court enjoining, until this action is

resolved, Defendants from transferring him to another prison as retaliation for his

filing his civil rights action.

**DISCUSSION:**

Plaintiff objects to the Magistrate Judge's recommendations that Plaintiff's

due process and equal protection claims be dismissed. (Rec. Doc. 10). Further,

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's Motion

---

5 In his Report, the Magistrate Judge accurately noted that pursuant to Local Rule 8.1 of this
Court, Plaintiff's requests for specific amounts of monetary damages should be stricken from the
Complaint as his seeking of unliquidated damages precludes any claim to a specific sum of relief.
See Stuckey v. Ross, No. 05-2354, slip op. (M.D. Pa. Jan. 9, 2006) (McClure, J.). Indeed,
Plaintiff concedes this point. (Rec. Doc. 9 at 1 n.1). However, given our disposition of the
remainder of the issues in this case, we find an Order striking Plaintiff's specific monetary
requests to be unnecessary.

(doc.2) be dismissed as moot. In his support of said Objections, Plaintiff argues that the Magistrate Judge misapprehended the nature and circumstances of the events that led to these proceedings. (Rec. Doc. 9). Thus, Plaintiff essentially argues that Defendants created circumstances that deprived Plaintiff of his Constitutional rights. (Rec. Doc. 10). We will consider in turn the learned Magistrate Judge's recommendations, as well as Plaintiff's Objections, regarding Plaintiff's claims.

## A.   Plaintiff's Due Process Claims

In Count I, Plaintiff alleges that his Due Process rights were violated by Defendants when they arbitrarily removed him from his job as a photographer in USP-Lewisburg's visiting room without just cause, and without charging him with any BOP violation. Plaintiff claims that he had a "legitimate entitlement of continual participation in the visiting room work detail," and that the deprivation of his job is a violation of his liberty and property interests under the Due Process Clause of the Fifth Amendment. (Rec. Doc. 1).

We find Plaintiff's arguments unavailing for several reasons. First, an inmate's assignment to a work detail does not implicate either a liberty or a property interest. Indeed, an inmate has no recognizable Constitutional right to a

particular prison job.[6]  See Wright v. O'Hara, 2002 WL 1870479, at *5 (E.D. Pa.

2002) ("'We do not believe that an inmate's expectation of keeping a particular

prison job amounts to either a property or liberty interest entitled to protection

under the due process clause.'" (internal citations omitted)) (quoting Bryan v.

Werner, 516 F.2d 233, 240 (3d Cir. 1975)).  Moreover, "it is uniformly well

established throughout the federal circuits that an inmate's expectation of keeping

a specific prison job, or any job, does not implicate a property interest."  See

Cummings v. Banner, 1991 WL 238140, at *5 (E.D. Pa. 1991) (citing James v.

Quinlan, 866 F.2d 627, 630 (3d Cir. 1989); Brian v. Werner, 516 F.2d 233, 240

(3d Cir. 1975); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980)).  Thus,

Plaintiff's removal from his visiting room photographer work detail based on his

conviction for a prior incident in which he introduced contraband into the visiting

room does not implicate any protected Constitutional right.

Second, BOP policy neither affords a property or liberty interest to Plaintiff

nor confers any Constitutional right to any inmate.  Recently the Third Circuit

clearly stated that "agency interpretative guidelines do not give rise to the level of

a regulation and do not have the effect of law."  Mercy Catholic Med. Ctr. v.

---

[6] Plaintiff concedes as much in his Objections: "Generally speaking, Plaintiff concedes that there
lies no constitutional right to a job in prison per se." (Rec. Doc. 10 at 6).  Plaintiff, however,
goes on to argue that circumstances surrounding the instant action created a right to his
photographer job.  We find said argument unpersuasive for all of the reasons outlined herein.

Thompson, 380 F.3d 142, 154 (3d Cir. 2004). Thus, despite Plaintiff's alleged

compliance with BOP rules during the eight (8) months that he was the

photographer in USP-Lewisburg's visiting room, BOP policy can not and does not

confer a Constitutional right upon Plaintiff.

     Third, affording relief to Plaintiff based upon the instant action would

essentially require this Court to find that Plaintiff was not a security risk while

working as visiting room photographer, and we simply are not willing to do so.

Courts give significant deference to the judgments of prison officials regarding

prison regulations and administration, and generally do not interfere with prison

administration matters, such as a prison's decision to place or not to place a

plaintiff in a particular prison job. See Fraise v. Terhune, 283 F.3d 506, 515 (3d

Cir. 2002). Here, we find deference to USP-Lewisburg's decision to terminate

Plaintiff's employment as a visiting room photographer particularly warranted

given Plaintiff's previous conviction for trying to bring contraband into the

visiting room.

     Accordingly, we accept that portion of the Magistrate Judge's Report that

recommends dismissal of the Due Process claims as against all Defendants,

including the unnamed John Doe Defendant(s).[7]

---

7 As outlined in the Magistrate Judge's Report, Plaintiff fails to state the personal involvement of
any of the unnamed John Doe Defendants with respect to his two (2) claims. Even without such

**B.   Plaintiff's Equal Protection Claims**

In Count II, Plaintiff alleges that his equal protection rights were violated by Defendants "when they arbitrarily and capriciously removed Plaintiff from his legitimate entitlement of continual participation in the visiting room work detail" as photographer. (Rec. Doc. 1). Plaintiff alleges that Defendants violated the Equal Protection Clause because they approved him for said job despite his 2003 Incident Report Conviction. (Rec. Doc. 8).

Once again, we find Plaintiff's arguments unpersuasive. As Magistrate Judge Blewitt notes, the elements of Equal Protection claims require plaintiffs to state that defendants intended to discriminate against them, and later prove this by either direct or circumstantial evidence. See Pennsylvania v. Flaherty, 983 F.2d 1267 (3d Cir. 1993); Williams v. Pennsylvania State Police, 108 F. Supp. 2d 460, 471 (E.D. Pa 2000). Here, Plaintiff has not alleged that Defendants treated him differently than other similarly situated inmates based on his race, gender, or nationality. (See Rec. Doc. 1). Further, Plaintiff has not alleged that Defendants were motivated by a discriminatory intent with respect to Plaintiff's allegations.

---

allegations, dismissal of both of instant claims against these unidentified Defendants is proper because the reasons for which Plaintiff's Due Process and Equal Protection claims fail are applicable regardless of the Defendants' identity. Moreover, without the identification, and serving, of said Defendants, their Due Process rights would be implicated were the instant action to proceed against them. (Rec. Doc. 8 at 6-7).

Indeed, Plaintiff himself states his removal was due to the 2003 Incident Report

Conviction, and not because of race, gender, or nationality. (Rec. Doc. 1). Thus,

Plaintiff has not alleged any facts from which it can be concluded that Defendants

engaged in intentional or purposeful discrimination, or that Plaintiff was treated

any differently by Defendants than similarly situated persons on the basis of race,

gender, or nationality. Therefore, Plaintiff does not state cognizable Equal

Protection claims.

Accordingly, we accept that portion of the Magistrate Judge's Report that

recommends dismissal of the Equal Protection claims as against all Defendants,

including the unnamed John Doe Defendant(s).[8]

In conclusion, we will adopt the Magistrate Judge's Report in its entirety,

and dismiss the instant action.[9]  In addition, because Plaintiff cannot show any

likelihood of success on the merits of either of his claims, we will also dismiss

Plaintiff's Motion (doc. 2) as moot.

An appropriate Order shall issue.

_____

8 For the reasons outlined in the preceding note, we will also dismiss Plaintiff's Equal Protection claims against the unnamed John Doe Defendants.

9 In the interest of completeness, we note our agreement with the Magistrate Judge's conclusion that Plaintiff should not be permitted to amend his Complaint because doing so would be futile. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Indeed, Plaintiff concedes as much by failing to argue in favor of such in his Objections.